[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The petitioner in this Habeas Corpus proceeding challenges the legality of his confinement. The basis of his claim is that Connecticut General Statutes 51-220 as it read at the time of his trial was subsequently found to have unconstitutionally resulted in underrepresentation of Afro-American and Hispanic people on jury array panels. See Alston v. Lopes, 621 F. Sup. 992 (D.Conn., 1985), aff'd sub. nom Alston v. Manson, 791 F.2d 255 (2d Cir. 1986).
The petitioner, while neither Afro-American nor Hispanic, is of native American Indian heritage and claims that as a non-caucasian, CT Page 439 the underrepresentation of non-caucasians which resulted from the application of 51-220 violated his constitutional right to equal protection of law as guaranteed by the United States and Connecticut constitutions.
The petitioner's Habeas Corpus matter was bifurcated, with the first issue to be decided being whether the petitioner could show or prove sufficient "cause" for failing to pursue this claim at trial. If he prevails on this issue, a further hearing would be required on the issue of "prejudice." Pursuant to the ruling of Johnson v. Commissioner, 218 Conn. 403 (1991), habeas petitioners, challenging their jury arrays must show both cause and prejudice for their failure to raise the claim at or prior to trial.
This Court concludes that the petitioner has failed to establish "cause" sufficient to excuse his failure to raise the claim at or prior to trial for the following reasons.
Trial counsel was well aware of the unconstitutionality of underrepresentation of minorities on juries resulting from statutorily mandated procedures which had that result. The selection or exclusion of jurors on the basis of race was condemned for many years before the trial of this case in 1979. See Cassell v. Texas, 399 U.S. 2821, 70 S.Ct. 629 (1950).
Counsel himself had raised the issue of minority underrepresentation many times previously. In this particular case he made a tactical decision to forego such a claim but elected to challenge the array on the basis of gender underrepresentation.
Thus the issue of minority underrepresentation was a viable one, and counsel was aware that if he could show such to be the case he could likely mount a successful challenge to the array. Under these circumstances, it appears to the Court that there is insufficient cause or reason to excuse raising the issue at trial.
Sufficient cause may also be shown by proving that counsel was ineffective for not raising the claim at trial. Murray v. Carrier,477 U.S. 488 (1986). The amended petition does not allege ineffective assistance, nor can the court conclude merely from the evidence, (that counsel made a tactical decision not to raise the issue) that said decision amounted to ineffective assistance. See Johnson v. Commissioner, 218 Conn. pp. 424-429 (1991).
Finally, there is no claim or suggestion that interference by CT Page 440 some governmental official impeded or prevented the petitioner from challenging the jury array on the basis of minority underrepresentation. Amodeo v. Zant, 486 U.S. 213 (1988).
For the foregoing reasons, the application for Writ of Habeas Corpus is dismissed.
Klaczak, J.